UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-01871-FWS-DFM Date: October 21, 2026
Title: Julio Cruz v. Andres L. Perez *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Damian Velazquez for Rolls Royce Paschal | N/A |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDER [14]**

Plaintiff Julio Cruz filed this case in July 2026 against Defendants Andres L. Perez doing business as Andy Beuaty Salon & Barber ("Perez") and Reshad S. Shah ("Shah"), alleging construction-related accessibility claims under the Americans with Disabilities Act ("ADA") and state law. (Dkt. 1 (Complaint).) That same month, Plaintiff filed a Notice of Voluntary Dismissal as to Perez, (Dkt. 11), and the court also dismissed Plaintiff's state law claims, (Dkt. 13). Accordingly, what remains in this case is Plaintiff's ADA claim against Shah.

On October 15, 2026, the court issued an Order to Show Cause re Dismissal for Lack of Prosecution, noting that Plaintiff had not yet filed a proof of service, even though 90 days had passed since the filing of the Complaint. (Dkt. 14 ("OSC") at 1 (citing, among other authority, Fed. R. Civ. P. 4(m)).) The court set a response deadline of October 19, 2026, and specifically advised that "[f]ailure to file a timely and appropriate response to this Order may result in dismissal without further order or notice from the court." (*Id.*) Now, days after the court's deadline for Plaintiff to respond to the OSC, Plaintiff has filed nothing. (*See generally* Dkt.)

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The court gave Plaintiff notice, and a proof of service has still not been filed. (*See* OSC; *see generally* Dkt.) The court therefore must dismiss the action. *See* Fed. R. Civ. P. 4(m).

Moreover, district courts "have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). When determining "whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

In this case, the court finds these factors support dismissal due to Plaintiff's failure to prosecute this case and comply with the OSC. As to the first factor, "[t]he public's interest in expeditious resolution of litigation *always* favors dismissal." *Id.* at 642.

The second factor also favors dismissal because "it is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Id*. When a plaintiff fails to take action after filing proofs of service, "the action to come[s] to a complete halt," which allows a plaintiff "to control the pace of the docket rather than the Court." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (finding that this factor favored dismissal when the plaintiffs had 60 days to file an amended complaint and instead tardily filed a motion for clarification); *see Keawe v. Dept of Pub. Safety*, 2024 WL 1495085, at *2 (D. Haw. Mar. 15, 2024), *report and recommendation adopted,* 2024 WL 1492630 (D. Haw. Apr. 5, 2024) (dismissing case without prejudice when plaintiff failed to comply with court deadlines to file motion for default judgment, reasoning as to this factor, "Second, the Court's need to manage its docket weighs in favor of dismissal because Plaintiff's failure to comply with the Court's prior orders has interfered with the Court's ability to manage its docket").

The third factor, the risk of prejudice to Shah, is neutral given that it is uncertain whether Shah has been properly served. *Cf. Pagtalunan*, 291 F.3d at 642 ("To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case.").

The court finds the fourth factor also favors dismissal because the court has attempted less drastic alternatives, but they have been unsuccessful. The court gave Plaintiff sufficient time to file a proof of service or other appropriate relief, and clearly informed Plaintiff that failure to respond to the OSC would result in dismissal without further notice or order. (OSC at 1); *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), *as amended* (May 22, 1992) ("[A] district court's warning to a party that his or her failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."); *see also Alliant Credit Union v. Vessel EAGLE REST*, 2010 WL 3746727, at *2 (N.D. Cal. Sept. 20, 2010) ("The Court's prior order warned Plaintiff that the failure to file an amended complaint or a notice of voluntary dismissal would result in the dismissal of the action."); *Keawe*, 2024 WL 1495085, at *2 ("Fourth, less drastic sanctions are not appropriate and would be futile given Plaintiff's repeated failure to comply with the Court's prior orders.").

Finally, the public policy favoring disposition on the merits generally weighs against dismissal, but "it logically rests upon an inherent presumption a litigant . . . has manifested a diligent desire to prosecute his or her claims." *Ewing v. Ruano*, 2012 WL 2138159, at *2 (C.D. Cal. June 12, 2012). Indeed, "it is the plaintiff's responsibility to move a case toward a merits disposition." *Thomas v. Kernan*, 2019 WL 8888200, at *1 (C.D. Cal. July 10, 2019) (citing *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991)). Therefore, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations omitted). The court finds Plaintiff's failure to timely prosecute this case lessens the weight of the public policy favoring disposition on the merits. *See Ewing*, 2012 WL 2138159, at *2. The court therefore finds this factor is neutral and does not preclude dismissal.

In summary, on balance, the court finds the relevant factors weigh in favor of dismissal. *See Ferdik*, 963 F.2d at 1263 ("Even if the prejudice factor as well as the fifth factor regarding the public policy favoring disposition on the merits both weighed against dismissal, they would not outweigh the other three factors that strongly support dismissal here."). The court also must dismiss the case under Rule 4(m). Consistent with the court's statement, (OSC at 1), this case is **DISMISSED WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b); *In re*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-01871-FWS-DFM Date: October 21, 2026
Title: Julio Cruz v. Andres L. Perez *et al.*

*Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("Rule 41(b) permits dismissal for failure of the plaintiff to prosecute or to comply with any order of court."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (courts may "act sua sponte to dismiss a suit for failure to prosecute") (cleaned up); *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of [their] failure to prosecute cannot seriously be doubted."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Pagtalunan v. Galaza*, 291 F.3d 639, 640-43 (9th Cir. 2002) (affirming *sua sponte* dismissal with prejudice "for failure to prosecute and for failure to comply with a court order"); *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (stating "[d]istrict courts have inherent power to control their dockets" and "[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal"); *see, e.g.*, *Keawe v. Dept of Pub. Safety*, 2024 WL 1495085, at *2 (D. Haw. Mar. 15, 2024), *report and recommendation adopted,* 2024 WL 1492630 (D. Haw. Apr. 5, 2024) (dismissing case without prejudice when plaintiff failed to comply with court deadline to file motion for default judgment).

**IT IS SO ORDERED**.